962 F.2d 12
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Paul A. BONACCI, Appellant,
v.
Lawrence KING; Peter Citron; Alan Baer; Harold Anderson;
Robert Wadman; Michael Hoch; Kenneth Bovasso; Nebraska
Psychological Associates, formerly known as Nebraska
Psychiatric Institute, a non- profit corporation; City of
Omaha, a municipal corporation; Defendants, [UNPUBLISHED]
OMAHA PUBLIC SCHOOL DISTRICT; Appellee,
J. L. BRANDEIS, INC. and Sons, Inc., a corporation; Grand
Jury, Douglas County, Defendants.
 No. 91-3849.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 11, 1992.
Filed: May 14, 1992.
 
 Before JOHN R. GIBSON, FAGG, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Paul A. Bonacci appeals from the district court's[1] disposition of his 42 U.S.C. § 1983 and state law claims against the Omaha Public School District (OPSD) by partial dismissal and partial grant of summary judgment to OPSD. We affirm.
 
 
 2
 Bonacci claimed in general that numerous defendants had either sexually abused him as a child or had negligently or intentionally failed to respond when he sought their aid. In respect to OPSD, Bonacci contended that he had reported alleged abuse to his high school counselors and that OPSD "carelessly, negligently, recklessly and intentionally failed to take proper corrective actions to protect Plaintiff from suffering further abuse, violence, and threats to his safety." Bonacci sought money damages.
 
 
 3
 We conclude that the district court properly dismissed Bonacci's federal civil rights claims because OPSD had no constitutional duty to protect him from the alleged abuse. See DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189 (1989). In DeShaney, the Supreme Court held that a "State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." Id. at 197. We reject Bonacci's contention that his case falls within an exception to the general rule pronounced in DeShaney; the only exception recognized in that case, arising when a state has custody over the injured individual, is not applicable in this instance.
 
 
 4
 We also conclude that the district court properly granted summary judgment to OPSD on the state law tort claims. Affidavits supporting OPSD's summary judgment motion showed that Bonacci's high school counselors fulfilled their statutory duty to report suspected child abuse to law enforcement officers, and Bonacci did not respond to the summary judgment motion. See Fed. R. Civ. P. 56(e) (once movant for summary judgment has properly supported his motion, nonmovant "may not rest upon the mere allegations or denials of [his] pleading, but ... must set forth specific facts showing that there is a genuine issue for trial"). We reject as meritless Bonacci's remaining arguments. We deny OPSD's request for costs and attorneys' fees.
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Warren K. Urbom, Senior United States District Judge for the District of Nebraska